# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES J. SHEDELBOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | 08-cv-602 |
| | ) | |
| FLOYD BRINKMAN, LARRY REID, in his | ) | |
| individual capacity, and JASPER COUNTY, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff James Shedelbower's Motion to Remand (Doc. 4) is before the Court. Defendants Floyd Brinkman, Larry Reid and Jasper County have responded to the motion (Doc. 7), and Shedelbower has replied to that response (Doc. 9).

The current dispute arose because Brinkman did not consent in writing to the removal of this case from state court within 30 days of his being served. The notice of removal filed by defendants Reid and Jasper County stated that "[d]efendants agree and consent to removal of this action," but did not explicitly state that Brinkman, who had been served, consented to removal, did not include a written consent by Brinkman and did not explain the absence of Brinkman's consent. Brinkman eventually filed a written consent to removal, but it was more than 30 days after he was served.

The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441, all defendants must join in the notice of removal. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). However, it is not enough for the removing defendants to say in their notice simply that all the other defendants do not object to removal. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled in part on other grounds by*

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). All defendants must join in the motion by supporting it *in writing*. *Id.* The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendants explain the absence of the missing defendant. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

The failure to explain the absence of a defendant's written consent to the notice of removal can be cured by amending a petition to provide a sufficient reason for that absence. *Northern Ill. Gas*, 676 F.2d at 273 (amended notice explained that missing defendant was nominal party); *see* 28 U.S.C. § 1653.

The failure to include a defendant's written consent where it is required for removal is a different story. Courts have held that such a defect can only be cured by filing that consent separately *within the time allowed by 28 U.S.C. § 1446(b) for the defendant to remove*, that is, within 30 days after the defendant is served with the complaint. *See, e.g., Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993). According to those courts, a written consent filed beyond that time is too late. *Id.*

More recently, the Supreme Court has created some question about the necessity of meeting technical removal requirements. In *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996), the Supreme Court held that a procedural defect existing at the time of removal but cured before judgment pursuant to a jury trial is not grounds for a court of appeals to reverse a district court's judgment and remand to state court. *Id.* at 76-77. The Supreme Court reasoned that such remands after entry of judgment would impose an exorbitant cost on the federal and state court systems and the administration of justice. *Id.* at 77. After judgment, the Supreme Court held,

"considerations of finality, efficiency, and economy become overwhelming." *Id.* at 76. Nevertheless, the *Caterpillar* court reminded district courts, "The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed," and rejected the assumption that district courts would not understand or would balk at applying removal rules. *Id.* at 77

At least one court of appeals has relied on *Caterpillar* in a case similar to the one at bar. That court referred to *Caterpillar*'s acceptance of cured procedural defects to justify affirming district court judgments after denial of a remand where a defendant's written consent to removal was filed more than 30 days after it is served with process. *See, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 702 (9th Cir. 1998). The *Parrino* court noted, however, that *Caterpillar* only allows *courts of appeal* to treat a defects as cured but does not authorize *district courts* to ignore procedural requirements. *Id.* at 702 n. 1.

In light of the admonitions to district courts in *Caterpillar*, the Court will remand this case. Generally, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). The defendants in this case admit that they did not strictly comply with the requirement of written consent to remove within 30 days of service. While *Caterpillar* and *Parrino* dictate that, had this case proceeded to judgment, a court of appeals need not have reversed and remanded it, those cases also remind district courts of their obligation to observe remand rules. In this case, observance of those rules requires remand. Furthermore, there are no considerations of finality as there were in *Caterpillar* and *Parrino*; this case is in its infancy, and justice will not suffer unduly by remand at this stage.

*Meyer v. ERJ, Inc.*, No. 96 C 143, 1996 WL 115164 (N.D. Ill. Mar. 14, 1996), the case on which the defendants primarily rely, does not convince the Court to rule otherwise. In *Meyer*, some defendants did not consent to removal in writing. *Id.* at *1. The removing defendants, however, alleged the consent of the missing defendants, and the missing defendants subsequently filed papers in federal court. *Id.* However, the holding in the brief *Meyer* order does not consider the requirement stated in *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), that all defendants consent in writing. Furthermore, the *Meyer* decision predates *Caterpillar* and its reminder to district courts not to balk at applying removal requirements. Therefore, the *Meyer* decision is not persuasive to this Court.

For the foregoing reasons, the Court **GRANTS** the motion to remand (Doc. 4) and **REMANDS** this case to the Circuit Court of Clark County, Illinois.

**IT IS SO ORDERED.**
**DATED: October 16, 2008**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **UNITED STATES DISTRICT JUDGE**