# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES J. SHEDELBOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | 08-cv-602 |
| | ) | |
| FLOYD BRINKMAN, LARRY REID, in his individual capacity, and JASPER COUNTY, ILLINOIS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff James Shedelbower for taxation of fees and costs pursuant to 28 U.S.C. § 1447(c) (Doc. 17). Defendants Floyd Brinkman (Doc. 18), Larry Reid and Jasper County (Doc. 19) have responded to the motion.

This case was in state court until defendants Reid and Jasper County filed a notice of removal based on this Court's original federal question jurisdiction. Indeed, Shedelbower's complaint presents a federal question over which this Court had original jurisdiction under 28 U.S.C. § 1331, along with state law claims over which the Court had supplemental jurisdiction under 28 U.S.C. § 1367(a), and was therefore removable under 28 U.S.C. § 1441(a). Reid and Jasper County's notice of removal was timely because they filed it within 30 days of being served with the complaint. However, their notice did not include a written consent to removal by defendant Brinkman nor did it explain the absence of that consent from the notice. Instead, it stated, "Defendants agree and consent to removal of this action." Later filings reveal that Brinkman had given his consent to removal by telephone to his co-defendants and had authorized them to file the notice of removal on his behalf before they filed the notice. Brinkman eventually filed a written consent to removal, but it was more than 30 days after he

was served. The Court remanded the case to state court because the technical rules of removal requiring written consent of all defendants within 30 days of being served with the complaint had not been complied with. Shedelbower now asks the Court for an award of costs and attorney's fees under 28 U.S.C. § 1447(c).

Section 1447(c) states, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Even if the order of remand does not itself award costs and fees, the Court retains jurisdiction to make such an award following remand. *See Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court retains discretion to determine if unusual circumstances counseling against this general rule exist. *Id.* This rule serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Brinkman argues that the Court should not require him to pay Shedelbower's costs since he did not join in the notice that caused the removal. Indeed, it was his failure to timely join the notice in writing that was the cause of the remand. Because Brinkman did not properly join in the notice of removal, he is not responsible for the removal or for the costs "incurred as a result of the removal." The Court will deny Shedelbower's motion as it applies to Brinkman.

Reid and Jasper County argue that they had an objectively reasonable basis for filing the notice of removal: this Court had original jurisdiction over the case under 28 U.S.C. § 1331 because the complaint asserted a federal question and Brinkman had informed them that he consented to the removal. Under such circumstances, Reid and Jasper County's belief that removal was proper was objectively reasonable. Reid and Jasper County had no reason to know that Brinkman would fail to properly support his consent in writing in a timely manner such that removal would be rendered improper.

For the foregoing reasons, the Court **DENIES** Shedelbower's motion for taxation of fees and costs pursuant to 28 U.S.C. § 1447(c) (Doc. 17).

**IT IS SO ORDERED.**
**DATED: December 8, 2008**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **UNITED STATES DISTRICT JUDGE**